E-FILED
Tuesday, 13 January, 2026  01:24:08 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

| | | |
|---|---|---|
| PAUL GARCIA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 4:25-cv-04148-SLD-RLH |
| | ) | |
| BRIAN FOLTZ, TRAVIS STAES, LEVI | ) | |
| MOORE, REGGIE FREEMAN, JOHN | ) | |
| SHOWALTER, GARRETT KISTNER, | ) | |
| MICHAEL HODSHIRE, MATTHEW | ) | |
| DROBNEY, JEFF RAMSEY, and CITY OF | ) | |
| EAST MOLINE | ) | |
| | ) | |
| Defendants. | ) | |

ORDER

Before the Court are Plaintiff Paul Garcia's amended complaint,[1] ECF No. 2, for merit

review, motion for leave to proceed *in forma pauperis* ("IFP") for purposes of service only, ECF

No. 3, and motion to extend time for service, ECF No. 4.  Because this case is a refiling of a case

previously dismissed with prejudice, and because it is barred by the statute of limitations,

Garcia's complaint is DISMISSED.  As a result, his motions are MOOT.

**BACKGROUND[2]**

On March 24, 2022, Paul Garcia entered the East Moline Police Station and began

recording in a public hallway.  As he was recording, Defendant Brian Foltz told him that he was

not permitted to enter a particular interview room.  Garcia was later arrested for trespassing and

resisting arrest, though chargers were dismissed on September 22, 2022.  To prove he had

---

[1] The Court considers Garcia's amended complaint to be the operative complaint because he submitted it within the time given to amend once as a matter of course.  Fed. R. Civ. P. 15(a)(1).

[2] Unless otherwise stated, the facts described in this section are as alleged in Garcia's amended complaint.

trespassed, many of the defendants fabricated evidence in the form of photographs showing the hallway marked with caution tape and an "Employees Only" sign.

Garcia's initial complaint in this case, ECF No. 1, was filed exactly one week after the Court entered judgment in another case brought by Garcia alleging materially identical facts. *See* Judgment, *Garcia v. Foltz*, No. 4:24-cv-04207-SLD-RLH (C.D. Ill. Aug. 11, 2025), ECF No. 28. There, too, Garcia alleged that Foltz and other municipal officers had arrested Garcia for trespassing while he was recording in a room at the East Moline Police Station. *See* Aug. 11, 2025 Order 1–2, *Garcia*, No. 4:24-cv-04207-SLD-RLH , ECF No. 27. The Court found that Garcia's case was barred by the statute of limitations. *Id.* at 10–11.

## DISCUSSION

### I. Legal Standard

When a plaintiff moves to proceed IFP, the court performs a merit review, during which the court "shall dismiss" a case that "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii). When conducting merit review, courts apply the same standard as when reviewing dismissals under Federal Rule of Civil Procedure 12(b)(6). *Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011); *Luevano v. Wal-Mart Stores, Inc.*, 722 F.3d 1014, 1024 (7th Cir. 2013). This means a court must "tak[e] all well-pleaded allegations of the complaint as true and view[] them in the light most favorable to the plaintiff." *Arnett*, 658 F.3d at 751 (quotation marks omitted). However, the court will dismiss complaints that do not contain "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotation marks omitted). In addition to considering the complaint, "district courts can take judicial notice of public court documents and proceedings" for purposes of a merit review. *Fosnight v. Jones*, 41 F.4th 916, 922 (7th Cir. 2022).

2

## II.    Analysis

### a.  *Res Judicata*

On November 5, 2024, Garcia submitted a complaint ("2024 Complaint") to this Court alleging that he was arrested for trespassing at the East Moline Police Department after entering and recording in an unlocked, publicly accessible room before a meeting with a FOIA officer. 2024 Compl. 5, *Garcia*, No. 4:24-cv-04207-SLD-RLH, ECF No. 1.  He sought recovery from Brian Foltz, Jeff Ramsey, Reggie Freeman, Dora Villarreal, and the City of East Moline.  *See* Docket, *Garcia*, No. 4:24-cv-04207-SLD-RLH.  On August 11, 2025, the Court dismissed Garcia's complaint with prejudice after finding that his claims were barred by the statute of limitations.  Aug. 11, 2025 Order 10–11.  Judgment was entered the following day.  *See* Judgment 1.  Garcia's complaint in this case alleges that he was arrested at the East Moline Police Department for entering publicly accessible hallway.  Am. Compl. 2.  Like in his former complaint, he claims that he was recording at the time.  *Id.*

The events discussed in both cases appear to be the same.  The only discrepancy is the date of the alleged events.  In the present complaint, Garcia claims that the arrest occurred on March 24, 2022, s*ee* Am. Compl. 2, while his previous complaint alleged events occurring on April 6, 2022, *see* 2024 Compl. 5.  The Court does not doubt that the events are the same.  In the previous case, the defendants stated that the events actually took place on March 24, 2022.  *See* Mot. Dismiss 4 n.2, *Garcia*, No. 4:24-cv-04207-SLD-RLH, ECF No. 16.  When responding to the motion to dismiss, Garcia conceded that the events occurred, in fact, on March 24.  *See* Opp. Mot. Dismiss, *Garcia*, No. 4:24-cv-04207-SLD-RLH, ECF No. 24 (stating that the events happened "[o]n the day of 03/24/22," and attaching photos, incident reports, and security camera footage from March 24, 2022).  Further, the citizen complaint form submitted by Garcia as part

3

of his initial complaint in this case, *see* Compl. 9, is the exact same form attached to the motion

to dismiss in the previous case, *see* Citizen Complaint Form, *Garcia*, No. 4:24-cv-04207-SLD-

RLH, ECF No. 16-1 at 3.

"Under res judicata, a final judgment on the merits of an action precludes the parties or

their privies from relitigating issues that were or could have been raised in that action." *Allen v.

McCurry*, 449 U.S. 90, 94 (1980).  "Res judicata blocks a second lawsuit if there is (1) an

identity of the parties in the two suits; (2) a final judgment on the merits in the first; and (3) an

identity of the causes of action." *Barr v. Bd. of Trs. of W. Ill. Univ.*, 796 F.3d 837, 840 (7th Cir.

2015).  The third element is satisfied if the two claims "are based on the same, or nearly the

same, factual allegations." *Herrmann v. Cencom Cable Assocs., Inc.*, 999 F.2d 223, 226 (7th

Cir. 1993).  "Although res judicata is an affirmative defense, dismissal at screening is proper

when it is clear from the face of the complaint that res judicata bars the claims." *Atherton v. St.

Vincent Hosp.*, 774 F. App'x 304, 305 (7th Cir. 2019) (quotation marks omitted).

As described above, Garcia's two claims are based on materially identical factual

allegations and there has been a final judgment on the merits in his first case.  *Res judicata*

therefore bars his claims against all parties that were defendants in the first suit.  As a result, the

Court DISMISSES Garcia's claims against Brian Foltz, Jeff Ramsey, Reggie Freeman, and the

City of East Moline.

### b.  Collateral Estoppel

The related doctrine of collateral estoppel "applies to prevent relitigation of issues

resolved in an earlier suit." *Adams v. City of Indianapolis*, 742 F.3d 720, 736 (7th Cir. 2014).

Collateral estoppel has four elements: "(1) the issue sought to be precluded is the same as an

issue in the prior litigation; (2) the issue must have been actually litigated in the prior litigation;

(3) the determination of the issue must have been essential to the final judgment; and (4) the party against whom estoppel is invoked must have been fully represented in the prior action." *Id.* A party was "fully represented in the prior action" if they were a party to the lawsuit and had an opportunity to litigate the issue. *See Taylor v. Sturgell*, 553 U.S. 880, 892 (2008) ("A person who was not a party to a suit generally has not had a 'full and fair opportunity litigate' the claims and issues settled in that suit."). The party need not have had legal representation. *Stevenson v. Gen. Mills Inc.*, No. 21-cv-1052-bhl, 2023 WL 2142215, at *3 (E.D. Wis. Feb. 21, 2023); *see also DeGuelle v. Camilli*, 724 F.3d 933, 938 (7th Cir. 2013) ("[T]he idea that litigating pro se should insulate a litigant from application of the collateral estoppel doctrine . . . is absurd."). Like *res judicata*, "[a]lthough collateral estoppel is an affirmative defense, a court may raise it sua sponte . . . if it is plainly apparent from the face of the complaint." *Park v. Bd. of Trs. of the Univ. of Ill.*, 754 F. App'x 437, 439 (7th Cir. 2018).

Each of these elements is met. Because Garcia's complaint is materially identical to the claims in his previous case, the legal and factual issues relevant to the disposition of this case are the same as those at issue in the prior litigation. The dispositive issue, namely whether Garcia's complaint runs afoul of the statute of limitations, was actually litigated—it was the subject of full briefing at the motion to dismiss stage. *See generally* Mot. Dismiss; Resp. Mot. Dismiss. The same issue was the sole grounds for final judgment. *See generally* Aug. 11, 2025 Order. And Garcia was a party to the prior suit and actually contested the statute of limitations issue. *See* Resp. Mot. Dismiss 2. Because collateral estoppel applies, his claim cannot survive even against defendants who were not party to the previous suit. Garcia's claims against the remaining defendants are therefore DISMISSED.

### c. Statute of Limitations

Even if the events of the two cases are not, in fact, identical, Garcia's claim must still be dismissed under the relevant statute of limitations. As the Court explained in its prior order, the statute of limitations for 42 U.S.C. § 1983 claims is based on "'the forum state's statute of limitations for personal injury claims.'" Aug. 11, 2025 Order 4 (quoting *Ashafa v. City of Chicago*, 146 F.3d 459, 461 (7th Cir. 1998)). In Illinois, that is two years. 735 ILCS 5/13-202. Garcia would have had to file his lawsuit by March 24, 2024.

Even if the two cases involved different events—one arrest on March 24 and one on April 6—based on the allegations in the complaints, the events of the two dates are materially identical. Consequently, any argument that the two-year statute of limitations does not apply must be dismissed for the same reasons as in the first case. *See* Aug. 11, 2025 Order 4–11 (rejecting Garcia's argument to extend the statute of limitations based on defendants' fraudulent concealment because he was aware of all relevant facts by March 25, 2022). As the Court found in his first case, "the allegations of the Complaint clearly indicate that the two-year statute of limitations window has run and bars Plaintiff's . . . claims." Aug. 11, 2025 Order 5.

### CONCLUSION

Accordingly, Plaintiff Paul Garcia's amended complaint, ECF No. 2, is DISMISSED for failure to state a claim. His motions to proceed IFP for purposes of service, ECF No. 3, and to extend time for service, ECF No. 4, are thereby MOOT. The Clerk is directed to enter judgment and close this case.

Entered this 13th day of January, 2026.

s/ Sara Darrow

SARA DARROW

CHIEF UNITED STATES DISTRICT JUDGE

6